## *The Administration with the Will of* FRANCIS DÉPAU.

THE power of the Surrogate to appoint an administrator with the will annexed, in case of the death of all the executors, is not repealed or affected by the act of 1863, which authorizes the Supreme Court to appoint a receiver of the estate in such an event.

H. RICHARDSON *and* J. C. VAN LOON, *for Pub. Admr.*
D. LYON *and* SAMUEL E. LYON, *for Legatees.*

THE Public Administrator presented his petition to the Surrogate, setting forth the death of Francis Depau, probate of his will, and the issuing of letters testamentary to the executors; and that all the executors are deceased, leaving assets unadministered to a large amount, and praying for the issuing of letters of administration *cum testamento annexo* to the petitioner as Public Administrator in the city of New York.

Amelia Fowler, one of the legatees and devisees under the will, appeared and opposed the grant of letters to the Public Administrator, and filed with the Surrogate a certified copy of an order made at a Special Term of the Supreme Court, on the 16th day of May, 1863, which recited that the Supreme Court had, after the death of the last surviving executor, taken upon itself the control and management of the estate of Francis Depau, deceased, and had made various orders concerning the same; and that since the making of said orders an act of the Legislature had been passed authorizing the Supreme Court to appoint receivers of estates with the power of administrators with the will annexed; and it ordered that Philo T. Ruggles be appointed receiver of said estate, to give security in $40,000, and to file his inventory with the clerk of the Supreme Court.

THE SURROGATE. The question in the case at bar is whether the act of 1863, authorizing the appointment of receivers of the estates of deceased persons by the Supreme Court, repeals the jurisdiction of the Surrogate to appoint administrators with the will annexed upon those estates.

The following is the text of the act:

### CHAPTER 466.

AN ACT to amend the forty-fifth section of Article Third, Title Second, Chapter Sixth, of Part Third of the Revised Statutes, passed May 7th, 1863 (three-fifths being present), without the approval of the Governor.

Section 1. The forty-fifth section of article third, chapter sixth, part second, title second of the Revised Statutes, is hereby amended by adding thereto, as follows:

"But where, either by actions or proceedings in partition or division, or for the construction of a last will and testament, an estate has been brought within the possession, direction, or control of the Supreme Court of this State, which shall have acquired jurisdiction over the same, such Supreme Court may, upon the death of the surviving executor of said will and testament, and during the pendency of such action or proceedings, and until they are finally carried into effect, appoint a receiver of said estate, upon such terms and conditions, and upon such notice to all parties and persons interested, as said Court shall direct, and upon such order as to security or otherwise as to said Supreme Court may seem expedient; and to enable it to carry into effect its orders and decrees in relation to said estate, such receiver when appointed shall be the successor in interest of said surviving executor, and shall have like power and authority as administrators with the will annexed, appointed by the Surrogate, but subject to the orders of said Supreme Court in the premises.

"§ 2. This act shall take effect immediately."

The Revised Statutes provide: "If all such executors or administrators shall die, * * * the Surrogate shall issue letters of administration upon the goods, chattels, credits and effects of the deceased, left unadministered, with the will annexed, * * * to the widow, or next of kin, or creditors of the deceased, in the same manner as hereinbefore directed, in relation to original letters of administration. (3 R. S., 5th ed., p. 162, § 45.)

It will be noted that the language here used is compulsory. The Surrogate is not at liberty to refuse to issue these letters on the happening of the specified contingency. He "shall issue letters." If he do not, he may be mandamused to do so, by any Justice of the Supreme Court, at Chambers,

"I do not see that this act of 1863 repeals the provisions of the Revised Statutes. It provides for a receiver to do the same things and have the same power and authority as an administrator with the will; but it does not prohibit or declare unlawful the Surrogate's appointment of an administrator in such a case. It is still made the duty of the Surrogate to appoint administrators with the will, where the executors are all dead; and if by this means two sets of officers are appointed to care for the same property, that inconvenience is the fault of legislation, not of the judicial officers, who must obey it.

Letters granted to petitioner.